IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TAMMY DAVENPORT,              )
                             )
                  Plaintiff,  )
                             )
        vs.                   )          No. CIV-04-1151-C
                             )
MUSKET CORPORATION, et al.,   )
                             )
                 Defendants.  )

## MEMORANDUM OPINION AND ORDER

Defendants seek to quash the deposition of three of their high-level executives, asserting that these individuals were not involved in the decision to terminate Plaintiff and have no unique personal knowledge of her termination.  In essence, Defendants argue that the deposition of these corporate officers would be oppressive and unduly burdensome and, therefore, the Court should issue a protective order under Fed. R. Civ. P. 26(c) to relieve them from having to testify.

### Background

Defendants operate a chain of convenience stores located throughout the United States.  Plaintiff is a former store manager of Defendants' store in Broken Bow, Oklahoma. Plaintiff filed this employment claim against Defendants on September 19, 2004, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., the Employee

Polygraph Protection Act, 29 U.S.C. § 2001, et seq., and Oklahoma common law. (Compl., Dkt. No. 1, ¶ 1.1.)

Plaintiff alleges that she had complained to her supervisors of discriminatory practices and a hostile work environment created by her supervisors. (Id. ¶¶ 4.9-4.10.) Additionally, Plaintiff asserts that she complained that one of her supervisors had stolen money from her store. (Id. ¶ 4.9.) After making these complaints, Plaintiff was suspended and ordered to submit to a polygraph. (Id. ¶ 4.11.) After Plaintiff submitted to the polygraph under protest, Defendants terminated her employment. (Id. ¶¶ 4.13-4.15.)

After deposing three lower-level managers for Defendants, Plaintiff noticed the depositions of Tom Love, chairman, Frank Love, president, and Tom Edwards, executive vice president. After Defendants filed their motion to quash, the Court stayed these depositions pending a ruling on Defendants' motion.

### Standard

The starting place for any discovery dispute is with the presumption that all matters relevant to a pending case are freely discoverable. See Fed. R. Civ. P. 26(b)(1). Broad discovery encourages the resolution of cases on their merits by permitting litigants access to all relevant information available. See Hickman v. Taylor, 329 U.S. 495, 507 (1947).

However, discovery is not unlimited. The Court has discretion to limit discovery when necessary to protect a party from oppressive or harassing discovery or discovery that would cause one party to shoulder undue burden and expense. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for its

issuance.  <u>Id.</u>  Good cause is demonstrated through the presentation of "particular and specific" facts – "stereotyped and conclusory statements" are insufficient.  <u>Gulf Oil Co. v. Bernard</u>, 452 U.S. 89, 102 n.16 (1981) (citations omitted).

Absent extraordinary circumstances, courts "rarely grant a protective order which totally prohibits a deposition."  <u>See</u> <u>Mike v. Dymon, Inc.</u>, 169 F.R.D. 376, 378 (D. Kan. 1996).  Extraordinary circumstances may be present where the plaintiff seeks to depose a high-level executive with no personal knowledge of the plaintiff or the facts of her claim, and the deposition would otherwise impose significant burdens on the executive.  <u>See</u> <u>Thomas v. Int'l Bus. Machs.</u>, 48 F.3d 478, 483-84 (10th Cir. 1995).

### Discussion

In their motion, Defendants appear to suggest that the burden is on Plaintiff to justify the depositions of these corporate officers.  Defendants assert that the motion should be granted "to prevent undue burden and harassment" but do not identify what undue burden the depositions would cause, nor do they offer any evidence or argument that the depositions are being sought for purposes of harassment.  (Defs.' Br., Dkt. No. 17, at 2.)  Defendants have produced affidavits from each of these officers stating that the affiant was not personally involved in the decision to terminate Plaintiff or the investigation leading up to her termination.  (Defs.' Exh. 2.)  Although a greater showing is typically required, the Court will assume that the deposition of these high-level executives where they have no personal knowledge would be unduly burdensome.

Defendants admit, however, that Plaintiff has evidence of discriminatory comments by Frank Love and Tom Edwards directed at women and older persons in general. (Laws Dep., Pl.'s Exh. 1, at 21-23, 27-28, 33-34.) Plaintiff also has evidence that Tom Edwards may have been involved in a corporate plan to "weed out" female store managers and replace them with male managers. (Laws Dep. at 77-78.) Mr. Edwards may also have pertinent information about Plaintiff's claim of unequal pay as he gave final approval on the pay received by a store manager. (Laws Dep., Pl.'s Exh. 1, at 21.) Thus, Plaintiff has presented some evidence that Frank Love and Tom Edwards have personal information pertaining to her claims that may be admissible or is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).[1] Therefore, a more particularized showing of good cause or demonstration of extraordinary circumstances would be required to quash the deposition.[2]

Plaintiff has not tied Tom Love to the facts of her case, absent a general relationship with Plaintiff during her employment and knowledge of the *fact* of her suspension and termination. Plaintiff's assumption of any additional knowledge by Tom Love is insufficient to rebut Tom Love's affidavit and the presumption of undue burdensomeness. Finally, the

---

[1] Defendants argue that these remarks are "stray remarks" and would be inadmissible as proof of Plaintiff's claims. Discovery is not the time to make admissibility determinations, so long as the evidence appears to be relevant as defined by Fed. R. Civ. P. 26(b)(1).

[2] Plaintiff asserts that these deponents are located here in Oklahoma City and that prior managerial depositions have not lasted more than a few hours. Therefore, any burden on Frank Love or Tom Edwards would appear to be minimal.

Court notes that, to the extent evidence of compliance with a prior EEOC consent decree is sought by Plaintiff, she may seek that information through a Rule 30(b)(6) deposition.

### Conclusion

Defendants' Motion to Quash and for Protective Order (Dkt. No. 17) is GRANTED in part and DENIED in part.  The notice of deposition of Tom Love is QUASHED and Plaintiff may not depose him absent a stronger and specific showing that he has relevant information to her claims.  The prior stay imposed on the notices of deposition for Frank Love and Tom Edwards is LIFTED and those depositions may proceed.

IT IS SO ORDERED this 23rd day of June, 2005.

ROBIN J. CAUTHRON
United States District Judge